IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS O'SHEA, et al., ] | |
| ] | |
| Plaintiffs, ] | |
| ] | Case No.:   2:14-CV-1955-KOB |
| v. ] | |
| ] | |
| LEADER, BULSO, & NOLAN, PLC, et ] | |
| al., ] | |
| ] | |
| Defendants. ] | |
| ] | |

**MEMORANDUM OPINION**

This matter is before the court on "Defendants' Motion for Summary Judgment" (doc. 24) and "Plaintiffs' Motion to Allow Time for Discovery under Rule 56(d)" (doc. 31). For the reasons set out in this Memorandum Opinion, the court will GRANT Plaintiffs' Motion to Allow Time for Discovery and will DENY Defendants' Motion for Summary Judgment as premature.

This case was reassigned on October 15, 2015. Shortly thereafter, on December 11, 2015, Defendants moved for summary judgment. Plaintiffs, in turn, moved for additional time for discovery under Federal Rule of Civil Procedure 56(d), arguing that they had not had an opportunity to complete discovery and, therefore, could not fully respond to Defendants' Motion. The court ordered the Defendants to show cause why the court should not grant Plaintiffs' Motion and allow the parties to complete discovery before it considered the Defendants' Motion for Summary Judgment.

The Defendants' response is twofold. Defendants argue first that Plaintiffs have not diligently pursued discovery and should not be given more time to do so, and second that,

1

Plaintiffs' lack of diligence notwithstanding, the court may consider Defendants' Motion because it presents issues that can be decided as a matter of law, without the need for further discovery.

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its oppositions, the court may . . . defer considering the motion [for summary judgment] or deny it." Prior to considering a motion for summary judgment, the court should allow "the party opposing a motion for summary judgment [] an adequate opportunity to complete discovery." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997). The court may deny a motion for additional discovery if the "record indicate[s] that the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options." *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989).

Defendants assert that Plaintiffs' Motion should be denied because Plaintiffs have failed to diligently pursue discovery. Defendants represent to the court that Plaintiffs have simply procrastinated and "sat on their hands" throughout this case. However, in looking at the timeline of the case as a whole, the court finds that the record does not show that Plaintiffs have had ample time to complete discovery.

Plaintiffs originally filed suit in the Superior Court of Marin County, California on October 26, 2012. The case was then removed to the United States District Court for the Northern District of California in February 2013, and transferred to the Northern District of Alabama in May 2013. In October 2014, the case was severed into three separate actions. A month later, Defendants filed Motions to Dismiss in each case. Judge Blackburn ruled on those Motions to Dismiss in September 2015, and the cases were reassigned to this judge on October

15, 2015. The parties filed their "Report of the Parties' Planning Meeting" on December 7, 2015, and Defendants moved for summary judgment on December 11, 2015 - before the court could enter a Scheduling Order.

In the time since this case began in 2012, major, potentially dispositive, motions have been pending at nearly all times. Plaintiffs could not have completed their discovery before the court had ruled on those motions and provided the Plaintiffs with direction about which claims remained viable.

Moreover, although this suit began over three years ago, this court has not yet entered a Scheduling Order setting deadlines for the completion of discovery and the disclosure of expert witnesses. (*See* Doc. 28 (holding the Report of Parties' Planning Meeting and the entry of a Scheduling Order in abeyance)).

The parties have, however, proposed deadlines in their Report of the Parties' Planning Meeting, which was filed in December 2015. These dates provide the court with insight into the parties' estimations of when the essential discovery and disclosures should be completed. In this report, the parties jointly proposed that fact discovery be completed by May 16, 2016 and that experts be disclosed by June 15, 2016.

Despite agreeing to these proposed deadlines, Defendants now argue that they are entitled to summary judgment because the Plaintiffs have not offered any evidence to show that the Defendants' legal fees were not reasonable and necessary. The court fails to see why it should penalize the Plaintiffs for not offering evidence sufficient to rebut Defendants' claims at this stage in the litigation, when *the Defendants themselves have represented to the court* that the parties should have approximately six months to complete factual discovery.

Defendants also argue that, Plaintiffs' diligence aside, the court may consider the Defendants' Motion for Summary Judgment because no further discovery is necessary for adjudication of the Defendants' Motion. Defendants suggest that the court can rule on their counterclaim, which is the only remaining claim in this action, because the counterclaim "is a straightforward breach of contract action," and Plaintiffs have failed to offer evidence sufficient to create a genuine issue of material fact as to this claim.

The court disagrees. The court cannot decide this issue without allowing Plaintiffs to first complete factual discovery, so that Plaintiffs may be able to provide the court with evidence to rebut Defendants' claim. As discussed above, the court will not penalize the Plaintiffs for failing to offer sufficient evidence in opposition to the Defendants' Motion before the discovery deadline has arrived. Defendants' Motion is not yet ripe for resolution.

Accordingly, the court will GRANT Plaintiffs' Rule 56(d) Motion and will DENY Defendants' Motion for Summary Judgment as premature.

The court will enter a separate Order along with this Opinion.

DONE and ORDERED this 1st day of February, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE